## GEO. W. HUDGINS v. C. W. WOOD.

A written agreement between A and B and C, that B and C are to cultivate A's land, who is to pay them one half the crop as wages, after deducting advances, constitutes B and C croppers and not tenants.

B and C have an interest which they can assign, subject to the charge of A for advancements; and such assignment in writing is not necessarily a mortgage or in the nature of one, and need not be registered.

CIVIL ACTION, tried by *Albertson, J.*, a jury being waived, at the August Term, 1874, of PERQUIMANS Superior Court.

In his complaint, the plaintiff alleges that during the year 1873, certain parties cultivated a crop of corn and cotton upon the farm of the defendant, as his tenants upon the terms following, to-wit: One half of the crops raised was to belong to said tenants and the other half to defendant; that the tenants raised during the year 2,700 pounds of lint cotton, one half of which was their property.

Plaintiff further alleged, that in the spring and summer of said year the said tenants purchased of him goods to the amount of $25 each, for which they gave their notes and secured the same by making to the plaintiff their several chattel mortgages according to the statue and in substance as follows:

"I, G. H., of the county of, &c., am indebted to Geo. W. Hudgins, (the plaintiff,) in the sum of $25 for which he holds my note, &c., and to secure the payment of the same, I do hereby convey unto the said Geo. W. Hudgins all my interest

in my growing crop of cotton and corn on the farm of C. W. Wood, (the defendant,) of same county. &c., but on this special trust: that if I fail to pay said debt and interest on or before 1st day of November, 1873, then he may sell said interest at public auction for cash," &c. Which chattel mortgages were duly registered. That the said tenants failed to pay their several notes, nor have they ever paid them or any part thereof; that the whole of the crops so raised by said tenants were gathered and housed by them under the direction of the defendant, and was by him ginned and baled in bulk, without separation of the shares of said tenants from his own, and that plaintiff had been informed, that he, the defendent, was about to ship the same to market as his own and in his own name, when in consequence of such information, he, the plaintiff, made demand in writing upon defendant for said tenants' several shares of said crop, at the same time calling his attention to his lien, and forbidding him to ship, &c. ; that notwithstanding this notice, the defendant did ship said crop, sell the same and apply the proceeds to his own use.

Whereupon the plaintiff demands judgment, &c.

In his answer, the defendant alleged, and it was not denied, that his contract with the tenants named in the complaint of the plaintiff, was in writing and signed by all the parties interested therein ; and which agreement, or the parts thereof material and bearing upon the points decided in this Court, are substantially as follows :

" This agreement made, &c., between C. W. Wood, of the one part and (the said tenants, colored,) of the second part, WITNESSETH, That the parties of the second part, agree to work for the said Wood on his farm during the year 1873, or so much thereof as may be necessary to cultivate well, 50 acres of land. They bind themselves to be prompt, &c. ; they also agree to cultivate (a further quantity) in corn. In payment of said services faithfully rendered, the said Wood agrees to furnish them land, teams and farming implements, necessary feed for teams and quarters to live in, with a garden, and give them one half

17

of all the cotton, corn and fodder that is grown upon said land during the year 1873. The said parties of the second part agree to cultivate well the said land, to clean out and trim the ditches and to repair the fences; failing in this, the said Wood reserves the right to hire other labor to do it, which shall be paid for out of their portion of crop.

It is agreed that the said Wood shall have control of the whole crop until all accounts between the contracting parties are adjusted; the crop to be delivered in his barn and the cotton ginned and divided as they may agree, either cotton in the seed, or ginned and shipped together and the proceeds divided; it is also agreed that the parties are to do their rateable part of taking care of the teams, &c., and that the cultivation of the crop is to be directed by said Wood. The said Wood agrees to furnish provisions to the parties of the second part at fair market prices, also to furnish seed corn," &c.

Defendant further states in his answer, that in pursuance of that agreement the crop of cotton was gathered and ginned, and sold by him, and the proceeds placed to the credit of the parties of the second part, upon their several accounts with him for the provisions furnished to them by him during the said year of 1873, in accordance with the terms of said agreement; and that after so crediting their accounts with all the proceeds due and coming to them, they still remained in his debt in the sum of $29, or thereabouts.

The replication to the answer admits the written contract, but insists that the parties therein alluded to did by that instrument, each acquire such an interest in the crops cultivated by them, as was legally assignable. That said contract was executed between the parties thereto, before any crop was planted, and the attempt to convey the tenants' interest therein to the defendant was void, for the reason that no crop was *in esse* at the time the contract was signed. That the conveyance of said interests in the crops to secure advances made or to be made, was also void, the same not stating particularly the sum to be advanced, nor having been registered as required by the

statute. That the mortgages made to the plaintiff were executed by the tenants and registered subsequently to the time of planting the crops and when the same was up and growing; and that said mortgages did legally convey all the interests of the tenants to the plaintiff.

His Honor, upon a consideration of the pleadings, being of opinion with the defendant, gave judgment accordingly, whereupon the plaintiff appealed.

No counsel in this court for appellant.
*Smith & Strong*, contra.

RODMAN, J. It clearly appears from the written contract between the defendant, and Ferebee and the other so-called tenants, that in fact they had no estates in the land or in the crop to be raised on it, and no interests except those arising out of the executory contract of the defendant to pay them one half of the crop, or of its value, as wages, subject to the deductions stated in the contract. They were not tenants but merely croppers. They had interests which they could and did assign to the plaintiff, but the value of those interests could be ascertained only after deducting the lawful charges of the defendant; and it seems that after this deduction nothing is left.

The contract between the so-called tenants and the defendant was not a mortgage or in the nature of one, and it required no registration. The title, possession and control of the land and crop continued by it in the defendant, although the other parties (Ferebee and others,) had by statute a lien for such wages as might become payable to them according to its terms, and these have been paid, so that nothing is due to the plaintiff.

PER CURIAM.                    Judgment below affirmed.